Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (323) 967-7775
Stephanie@thetatarlawfirm.com

Jeffrey B. Sand – (pro hac vice motion to be filed)
**WEINER & SAND LLC**
800 Battery Ave. SE, Suite 100
Atlanta, Georgia 30339
Telephone: (404) 205-5029
Facsimile: (866) 800-1482
js@wsjustice.com

James A. Francis – (pro hac vice motion to be filed)
Lauren K. Brennan – (pro hac vice motion to be filed)
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Fax: (215) 940-8000

Attorneys for Plaintiff Eric Miller

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIC MILLER, individually and on behalf of all others similarly situated,**<br><br>      **Plaintiffs,**<br><br> **v.**<br><br>**ACCURATE BACKGROUND, LLC.**<br><br>      **Defendant.** | **CIVIL ACTION NO. 8:20-CV-2343**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND DEFAMATION**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Mr. Miller brings this action against Accurate Background, LLC ("Accurate") individually and on behalf of all others similarly situated for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). He also brings an individual claim for defamation against Accurate.

2. In August 2020, Mr. Miller obtained a job with Legend Parcel Service, LLC ("Legend"), a subcontractor for Amazon, as a driver. All he needed to do to start work was pass a background check. Mr. Miller had no reason to believe the background check would be a problem, as he has no criminal record whatsoever.

3. Legend hired Accurate, a consumer reporting agency, to run a background check on Mr. Miller. Accurate reported to Legend that it did not locate any criminal records for Mr. Miller. This was accurate. He has no criminal record whatsoever.

4. Despite not finding any criminal records for Mr. Miller, Accurate also reported to Legend that it found a record for Mr. Miller in its National Sex Offender Database Search.

5. Legend rescinded its offer due to the background report from Accurate.

6. Mr. Miller was horrified. He could not believe that Accurate had labeled him a sex offender to his prospective employer. Nor could he believe that

he had to explain to his wife and family that he could not start work because his background report showed that he was a sex offender.

7. Mr. Miller brings this lawsuit for damages relating to Accurate's defamatory statement and on behalf of the hundreds, if not thousands, of consumers for whom Accurate reported that they have sex offender records when they have no such records.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events giving rise to the claims occurred in this district and division.

## PARTIES

10. Mr. Miller is a natural person, a resident of Michigan, and a "consumer" as protected and governed by the FCRA.

11. Defendant is a limited liability company that conducts business throughout the United States and that has its principal place of business located at 7515 Irvine Center Drive in Irvine, California.

12. At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

13. This is a consumer class action based upon Accurate's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Mr. Miller brings this action on behalf of hundreds, if not thousands, of employment applicants who have been the subject of Accurate's illegal practices under the Fair Credit Reporting Act

14. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

15. Defendant systematically violates the FCRA by furnishing consumer reports to its customers in which it informs customers that it found a record for the consumer in its National Sex Offender Database Search, even though the consumer has no such record.

16. With respect to Mr. Miller, Accurate violated the FCRA when it furnished a consumer report on Mr. Miller to his prospective employer, Legend.

17. In August 2020, Legend – a contractor for Amazon – offered Mr. Miller a job as a Delivery Associate pending a successful background check. Mr. Miller accepted the offer.

18. In September, Legend purchased a consumer report on Mr. Miller from Accurate.

19. To run the consumer report, Legend provided to Accurate Mr. Miller's first, middle, and last names, his date of birth, his address (including state of residence), and other personal-identifying information.

20. On or about September 10, Accurate furnished the background check on Mr. Miller to Legend.

21. The consumer report that Accurate prepared was to be used for employment purposes.

22. The consumer report stated that Accurate had performed a "National Sex Offender Database Search" and there was a "RECORD FOUND."

23. But Mr. Miller has no criminal record at all, let alone one in the National Sex Offender Database.

24. Accurate knew that Mr. Miller has no criminal record, let alone a criminal conviction for a sex offense. The consumer report it sold to Legend confirmed this fact. It did not report any criminal records associated with Mr. Miller.

25. Nevertheless, and despite the information it had to the contrary, it reported that he is a registered sex offender.

26. Accurate's statement that Mr. Miller was a sex offender was made with malice or willful intent. It knew that its statement was false or acted with reckless

disregard of the statement's truth or falsity based on the information it had about Mr. Miller in its possession when it made the statement.

27. Once Legend received Accurate's consumer report, it told Mr. Miller that it "cannot proceed with the employment offer" because the consumer report "says you are on the sex offender registry . . . Amazon automatically fails based on that."

28. Mr. Miller was shocked and angry. He knew that Accurate had reported inaccurate information, and he was now unemployed with a family to support. He had to inform his wife and family that Accurate had reported him as being a sex offender.

29. Accurate should have known that the report of a record in its National Sex Offender Database Search was inaccurate, as it reported no other corresponding information about the record. It reported no particular crime, no date of offense, no conviction date, no sentencing information, and no other information.

30. The lack of any other information about the sex offender record should have caused Accurate to escalate the report to ensure that the record belongs to Mr. Miller before furnishing the report to Legend that identifies Mr. Miller a sex offender.

31. In addition, no sex offender in the National Sex Offender Registry matched Mr. Miller's middle name, date of birth, or city of residence. This, too,

should have caused Accurate to escalate the report to ensure that the record belongs to Mr. Miller.

32. In September, Mr. Miller called Accurate and disputed the information in the consumer report. In his communications with Accurate, he explained that he has never had any criminal history, he has never lived outside of Michigan, he has no aliases, and that Accurate's "error is keeping me from supporting my family."

33. Accurate conducted a reinvestigation.

34. In October, Accurate informed Mr. Miller that it had corrected its report and removed the inaccurate sex offender information.

35. Once he learned of the amended report, Mr. Miller reached out to Legend to try to get to work.

36. Legend informed Mr. Miller that "Amazon has still not approved [Mr. Miller's] updated status" and "there is nothing [we] can do until they approve you."

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> All persons residing in the United States (including all Territories and other political subdivisions of the United States) about whom, (i) beginning five years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) were the subject of a consumer report furnished by Accurate Background to one or more third parties; (iii) in which Accurate Background reported that it found a record in its National Sex Offender Database Search; and (iv) the person had no records in the National Sex Offender Registry database.

38. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

39. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, Accurate furnished hundreds, if not thousands, of consumer reports on consumers each year in which it inaccurately labeled the consumer as a sex offender, and those persons' names and addresses are identifiable through documents maintained by Accurate.

40. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others: (a) whether Accurate willfully violated section 1681e(b) of the FCRA.

41. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Accurate's common course of conduct.

42. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with and not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute

this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.

43. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Accurate's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Accurate's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding

## FIRST CLAIM FOR RELIEF

### Class Claim

**(15 U.S.C. § 1681e(b))**

44. Plaintiff realleges Paragraph Nos. 1-43 as if fully set forth herein.

45. Accurate violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff and the Class members.

46. Accurate knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

47. Accurate obtained or had available substantial written materials that apprised it of its duties under the FCRA.

48. Despite knowing of these legal obligations, Accurate acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

49. Accurate's violation of the FCRA was willful, rendering Accurate liable pursuant to 15 U.S.C. § 1681n. In the alternative, Accurate was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**SECOND CLAIM FOR RELIEF**

**Individual Claim**

**(Defamation)**

50. Plaintiff re-alleges Paragraphs 1-43 as if fully set forth herein.

51. In 2006 Congress enacted the Adam Walsh Child Protection and Child Safety Act, which established a uniform and comprehensive sex offender registration database. 34 U.S.C. § 20901, *et seq.*

52. The purpose of the database is to "protect the public from sex offender, and offenders against children, and in response to the vicious attacks by violent predators…" *Id.*

53. A person who appears in the sex offender database is by definition, "an individual who was convicted of a sex crime." 34 U.S.C. § 20911(1) (defining the term "Sex Offender").

54. Accurate reported in writing to a third party, Legend, that Mr. Miller is a registered sex offender. It did so even though it knew, and had reported to Legend, that Mr. Miller has no criminal record.

55. Accurate's defamatory statement falsely accused Mr. Miller of a crime and of being engaged in sexual misconduct.

56. Accurate's written statement to Mr. Miller's prospective employer that he is a registered sex offender was false and defamatory.

57. Accurate's statement that Mr. Miller was a sex offender was made with malice or willful intent. It knew that its statement was false or acted with reckless disregard of the statement's truth or falsity.

58. Accurate's defamatory statement caused Mr. Miller to lose his job with Legend and it inflicted significant emotional distress on him.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

On the First Claim for Relief:

    a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

    b. An award of actual, statutory and punitive damages for Plaintiff and the Class;

    c. An award of pre-judgment and post-judgment interest as provided by law;

    d. An award of attorney's fees and costs; and

    e. Such other relief as the Court deems just and proper.

On the Second Claim for Relief:

    a. An award of actual damages;

    b. An award of punitive damages

# DEMAND FOR JURY TRIAL

**PLAINTIFF** hereby demands a jury trial on all claims for which he has a right to a jury.

                                        Respectfully Submitted,

                                        **TATAR LAW FIRM, APC**

BY:   */s/ Stephanie R. Tatar*
         Stephanie R. Tatar
         Attorney for Plaintiff
         3500 West Olive Avenue, Suite 300
         Burbank, California 91505
         Telephone: (323) 744-1146
         Facsimile: (323) 967-7775
         Stephanie@thetatarlawfirm.com

DATE: December 12, 2020